Honorable John F. Gibson, Jr. Prosecuting Attorney P. O. Box 573 Monticello, Arkansas 71655
Dear Mr. Gibson:
This is in response to your request for an official opinion concerning the employment of counsel by the Quorum Court. You have asked the following specific question in this regard:
 May the Quorum Court enter into a contingency fee contract with a private attorney to collect fines, restitution, and court costs pursuant to judgments entered in criminal cases in Circuit and Municipal Court?
As an initial matter, it should be noted that the chief of police and sheriff and/or clerk of the circuit courts are authorized to collect fines and costs assessed by municipal courts and circuit courts, respectively. Arkansas Code of 1987 Annotated16-17-216(a) provides in pertinent part:
 The chief of police shall collect all fines, penalties, forfeitures, fees and costs assessed in municipal court arising out of violation of city ordinances and of state laws committed within the corporate limits of the city in which the court sits where the arresting office was a policeman and shall pay over to the municipal court clerk daily all sums collected by him.
With respect to fines and costs imposed by circuit courts, the sheriff and/or clerk of the circuit court are authorized to collect fines and costs assessed in criminal matters. A.C.A.16-92-115(a) (Supp. 1987) reads:
 The sheriff or circuit clerks of counties are authorized to collect fines, penalties, and forfeitures adjudged against defendants in circuit courts of the state. The sheriffs or circuit clerks, at the time of their quarterly settlements with the county court, shall turn over to the county treasurer all moneys received by them.
Based on the foregoing, it is reasonable to conclude that the legislature has specifically designated the function of collecting fines and costs assessed by municipal courts to the chief of police and to sheriffs and clerks of the circuit courts for such costs imposed by the circuit court. Finding no other provisions delegating such authority to the quorum court, it does not appear that the quorum court could retain counsel to collect fees and costs assessed by municipal and circuit courts in criminal matters.
With regard to restitution, it appears that the victim or the individual designated by the circuit court to administer the restitution fund would be responsible for the collection of restitution and reparation payments. A.C.A. 16-90-309(a) provides for the compensation of crime victims through restitution and reparation payments and states:
 If a defendant pleads guilty or is found guilty of a criminal offense, the trial court of criminal jurisdiction shall in addition to imposition of sentence, enter a monetary judgment against the defendant in an amount of restitution or reparation from the offender to the victim that will totally or partially compensate the victim for his personal injury or loss of damage to his property caused by the criminal act of the offender.
Pursuant to A.C.A. 16-90-307(a), the circuit judge "may establish a restitution fund to be administered by the circuit judge, the prosecuting attorney, or probation agency, whichever the circuit judge shall designate." The code further provides that the circuit judge is to prescribe rules and regulations for the supervision of the fund. See A.C.A. 16-90-307(b). It should also be noted that the amount fixed by the court "shall become a judgment against the offender and shall have the same force and effect as any other civil judgment recorded in this State." A.C.A. 16-90-306.
While the Code does not delineate the specific manner in which restitution payments are to be made, it appears that the victim is responsible for enforcement and collection of restitution and reparation payments since such judgments have the same force and effect of other civil judgments. It should further be noted that the court permits the circuit court to require that defendants make direct restitution to victims individually. See A.C.A.16-90-307(e). In cases where restitution payments are to be paid directly into the restitution fund by the defendant, collection would most probably be subject to rules and regulations specifically prescribed by the circuit court judge for the collection of such payments.
The foregoing opinion, which I hereby approve was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, STEVE CLARK Attorney General
SC:ljm